WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret E. Kalina, a single woman,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Imagine Schools Incorporated, a Virginia corporation; et al.,<br><br>　　　　　　Defendants. | No. CV-12-02639-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Partial Summary Judgment (Doc. 52), Defendant's Motion for Summary Judgment (Doc. 59), and Plaintiff's Motion for Sanctions (Doc. 66). For the following reasons, these Motions are denied.

## BACKGROUND

This case arises from Defendant Imagine Schools, Inc.'s ("Imagine Schools") termination of Plaintiff Margaret Kalina. On July 22, 2005, Defendant hired Kalina to be a fifth grade teacher at its West Gilbert charter school. (Doc. 5 ¶ 10.) Defendant awarded Kalina a new one-year contract and raise in July 2006, May 2007, and May 2008. (*Id.* ¶ 11.) Kalina's May 2008 contract was to expire on June 9, 2009. (*Id.* ¶ 13.) On or around May 21, 2009, the Defendant's school's Principal Linda Horner and Assistant Principal Mary Lanigan informed Plaintiff that Defendant would not renew her contract. (*Id.*) Plaintiff alleges that she asked Horner and Lanigan why the decision had been made and that they told her they did not have to provide a reason. (*Id.*) Plaintiff claims that Defendant advised the students and parents at the school that Plaintiff's contract had not

been renewed due to Plaintiff's "personal reasons." (*Id.* ¶ 14.) Two days later, Plaintiff returned to the school to complete the remaining portion of her contract. (*Id.* ¶ 15.) She asserts that Horner and Lanigan terminated her employment and asked her to leave in front of staff and students, causing Plaintiff to feel humiliated. (*Id.* ¶ 15.)

Plaintiff was in her late forties at the time she was terminated. (*Id.* ¶ 8.) A week after her termination, she claims that Defendant advised two other teachers, Sherri Nelson and Todd Nelson, both in their early fifties, that their contracts would also not be renewed. (*Id.* ¶ 16.) Plaintiff claims that she was replaced for the following school year by a man in his early twenties who had no teaching experience at the time he was hired. (*Id.* ¶ 17.) She claims that both Sherri Nelson and Todd Nelson were also replaced by teachers in their early twenties with no teaching experience. (*Id.* ¶ 19.) Plaintiff asserts that Defendant terminated her and failed to renew the Nelsons' contracts because of their age. (*Id.* ¶ 21.) She claims Defendant terminated her willfully and with reckless disregard for whether the termination violated the Age Discrimination in Employment Act ("ADEA"). (*Id.*) Plaintiff filed the present action against Defendant, alleging a violation of the ADEA and seeking a declaratory judgment, damages, back pay, and other relief. (Doc. 5 (Amended Complaint)).

Plaintiff moved for partial summary judgment on her ADEA count, excluding the amount of damages. (Doc. 52.) Defendant also moves for summary judgment. (Doc. 59.) Additionally, Plaintiff moves for spoliation sanctions to preclude Defendant from offering evidence of her 2008–09 school year performance. (Doc. 66.) The Court will consider each Motion in turn.

**DISCUSSION**

**I.   Summary Judgment**

    **A.   Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

- 2 -

1  P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of
2  informing the district court of the basis for its motion, and identifying those portions of
3  [the record] which it believes demonstrate the absence of a genuine issue of material
4  fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

5  Substantive law determines which facts are material and "[o]nly disputes over
6  facts that might affect the outcome of the suit under the governing law will properly
7  preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
8  248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could
9  return a verdict for the nonmoving party.'"*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d
10 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving
11 party must show that the genuine factual issues "'can be resolved only by a finder of fact
12 because they may reasonably be resolved in favor of either party.'" *Cal. Architectural*
13 *Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)
14 (quoting *Anderson*, 477 U.S. at 250). Because "[c]redibility determinations, the weighing
15 of the evidence, and the drawing of legitimate inferences from the facts are jury
16 functions, not those of a judge, . . . [t]he evidence of the nonmovant is to be believed, and
17 all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id.*
18 at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 15859 (1970)). Furthermore,
19 the party opposing summary judgment "may not rest upon the mere allegations or denials
20 of [the party's] pleadings, but . . . must set forth specific facts showing that there is a
21 genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith*
22 *Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d
23 1044, 1049 (9th Cir. 1995).

24 **B.   Application**

25 "[T]o establish a *prima facie* case of an ADEA violation, the plaintiff must show
26 he was: (1) a member of a protected class [age 40–70]; (2) performing his job in a
27 satisfactory manner; (3) discharged; and (4) replaced by a substantially younger
28 employee with equal or inferior qualifications*."* *Wallis v. J.R. Simplot Co.*, 26 F.3d 885,

1  891 (9th Cir. 1994) (quoting *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990)). Once a *prima facie* case has been made, the burden of production shifts to the defendant, who must offer evidence that the adverse action was taken for other than impermissibly discriminatory reasons. *Id.* at 889 (citing *Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). Here, assuming Plaintiff has established her *prima facie* case, the parties dispute the factual basis for Defendant's alleged legitimate, nondiscriminatory reason for her termination.

Plaintiff moves for summary judgment on her claim. (Doc. 52.) She asserts that she received only positive performance reviews during her time working at Defendant school and that the only documented critique of her performance were two unsupported Counseling forms she received in March 2009. Plaintiff notes that Defendant alleges she was terminated due to her unprofessional behavior at work, but argues that there are no specifics or information that substantiate this allegation. (*Id.*)

Defendant also moves for summary judgment. (Doc. 59.) It states that Plaintiff's contract was not renewed due to Plaintiff's unprofessionalism and negative demeanor at school and complaints received from parents. Principal Horner stated that she "received numerous telephone calls from upset parents during the 2008–09 school year indicating such things as that Plaintiff's classroom was not a nurturing/learning environment, that it did not seem that Plaintiff cared about their children, that Plaintiff was harsh and demeaning to their children in the classroom, and that Plaintiff yelled and screamed at their children in the classroom." (*Id.*, citing Doc. 58, ASOF ¶ 33.) Principal Horner also stated that she attempted to talk with Plaintiff about her negative workplace demeanor on multiple occasions, but that Plaintiff was not receptive to these critiques. (*Id.* ¶ 35.) Plaintiff disputes that this occurred, or at least argues that her professional demeanor did not change during this time period and that no written evaluations of her performance suggest otherwise. (Doc. 53, PSOF ¶ 36.) Further, she asserts that other than the two Counseling forms, "Defendant did not sanction, reprimand or otherwise discipline

1 Plaintiff for any conduct prior to Defendant notifying her that Plaintiff's contract would
2 not be renewed for the 2009–10 school year." (*Id.* ¶ 30.)

3 Defendant focuses its Motion on whether its stated reason for terminating Plaintiff
4 was or was not pretextual. (Doc. 59 at 2.) Plaintiff's Motion also makes various
5 arguments to suggest that Defendant's reason for terminating her was pretextual. For
6 example, she claims Defendant stated that Plaintiff's students' test scores were one factor
7 in the decision to terminate Plaintiff, but that Defendant then stated test scores were not a
8 factor at some point later in this litigation. (Doc. 52 at 6–7.)

9 Plaintiff's and Defendant's cross-motions for summary judgment demonstrate that
10 there are genuine disputes regarding material issues of fact in this matter. Namely, it is
11 not clear whether Plaintiff's workplace attitude actually changed during the 2008–09
12 school year, whether this resulted in parent phone calls, and whether these calls lead to
13 verbal warnings and other conversations between Principal Horner and Plaintiff. Plaintiff
14 emphasizes that any alleged change in attitude did not result in any written warnings
15 beyond the two brief, formal Counseling forms of discipline issued to Plaintiff in March
16 2009 regarding her tone of voice at a particular staff meeting. This is undisputed, but
17 Plaintiff provides no authority to suggest that Defendant was under an obligation to
18 document any alleged parent phone calls received or any alleged conversations between
19 Principal Horner and Plaintiff regarding those calls.

20 The Court need not address the arguments regarding whether Defendant's reasons
21 for terminating Plaintiff were pretextual because the parties dispute the factual basis for
22 Defendant's alleged legitimate, nondiscriminatory reason for Plaintiff's termination. With
23 this factual issue in dispute, neither party is entitled to summary judgment.

24 **II.     Plaintiff's Motion for Spoliation Sanctions**

25 Plaintiff also moves for spoliation sanctions in this case. (Doc. 66.) One type of
26 evidence in this case is a series of one-page annual evaluation forms that Plaintiff
27 received from Defendant during each of her first three years of employment. (Doc. 67,
28 Exs. A, B.) While Defendant admits that an annual evaluation form was also completed

1  for Plaintiff during the 2008–09 school year, Defendant is unable to produce that
2  evaluation form because they allege that they do not know where the form is located.
3  Plaintiff argues that this constitutes spoliation and that the Court should sanction
4  Defendant by precluding it from offering any evidence of Plaintiff's performance during
5  that school year.

6  "A party seeking sanctions for spoliation of evidence must prove the following
7  elements: (1) the party having control over the evidence had an obligation to preserve it
8  when it was destroyed or altered; (2) the destruction or loss was accompanied by a
9  'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant'
10 to the claims or defenses of the party that sought the discovery of the spoliated evidence
11 [.]" *Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494, 509 (D. Md. 2009) (quoting
12 *Thompson*, 219 F.R.D. at 101); *see Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D.
13 497, 520–21 (D. Md. 2010); *In re Napster, Inc. Copyright Litig.*, 462 F.Supp.2d 1060,
14 1070–78 (N.D. Cal. 2006); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216
15 (S.D.N.Y. 2003).

16 Here, Plaintiff does not actually allege that these factors are met. While Plaintiff
17 does claim that Defendant had a burden to preserve the evidence and that the evidence is
18 relevant, she does not assert that its destruction or loss was accompanied by the necessary
19 "culpable state of mind" or even allege facts that suggest Defendant would have had any
20 motivation to intentionally lose or destroy the form. The "Teacher Annual Evaluation
21 Form" at issue in this Motion is a one-page form that evaluates the teacher's performance
22 during one classroom visit by the Principal. (*See, e.g.*, Doc. 67-1 at 17.) The form is
23 similar to the school's one-page "Classroom Snapshot" evaluation form, produced by
24 Defendant for the 2008–09 school year (Doc. 67-1 at 28), and is less detailed than the
25 "Teacher Annual Performance Evaluation," also produced by Defendant for that school
26 year (Doc. 67-1 at 25). These forms both contain only positive reviews of Plaintiff's
27 performance, and Defendant does not allege that the missing "Teacher Annual Evaluation
28 Form" contains anything but further positive reviews of the particular lesson that would

have been reviewed by Principal Horner in that form. Neither party alleges that the missing form would have contained information regarding the alleged change in attitude and parent phone calls. Plaintiff thus fails to allege facts that suggest Defendant would have had any motivation for destroying or purposefully losing the form, let alone facts that show an actual culpable state of mind. Therefore, Plaintiff has not demonstrated that she is entitled to sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 52) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 59) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (Doc. 66) is **denied**.

Dated this 17th day of March, 2014.

_____
/G. Murray Snow
United States District Judge